9   255
s12  490
s12  491

## J. C. ARMSTRONG AND OTHERS, APPELLANTS, v. OGDEN CITY AND OTHERS, RESPONDENTS.

MUNICIPAL CORPORATIONS.—PAVING.—NOTICE TO OWNERS.—A notice of intention to pave, given under sec. 13, cap.' 41, of the Laws of 1890, which shows the intention to levy the tax, its purpose, a general description of improvements, the boundaries of the paving district proposed, the estimated cost, and the time set for hearing written objections to such tax, is sufficient.

ID.—ID.—OBJECTION OF ABUTTING OWNERS.—Where, at or before the time set for hearing objections to a proposed paving tax, the owners of more than one-half of the front feet of the abutting property liable to such tax, filed written objections to such tax, the city council acquired no jurisdiction to proceed with the paving.

STATUTORY CONSTRUCTION.—IMPLIED REPEAL.—CHANCERY JURISDICTION.—POLAND BILL.—*Semble* that where a statute passed in 1888 required objections to be filed signed by the owners of one-half in value of the property to be affected or benefited as shown by the last assessment roll, and a statute passed in 1890 required objections signed by the owners of one-half of the front feet abutting upon that portion of the street to be improved, the first statute was impliedly repealed by the second, and that a statute providing an exclusive remedy against illegal taxes is void as opposed to the grant of exclusive original jurisdiction in chancery to district courts in the Poland Bill.

APPEAL from a judgment upon demurrer of the district court of the fourth district, Hon. James A. Miner, judge. The opinion states the facts, except the following:

The allegations as to the filing of objections were as follows: "That on March 29, 1892, at 9:55 o'clock A. M., certain persons protested against the levy of this special tax, and afterwards and before action was taken upon that

petition, certain other owners of property objected in writing to the levy of such special tax, and that the whole number of feet owned by those persons first protesting, and other than those last named, with frontage. on Twenty-fifth street, within said paving district No. 2 is more than one-half of the whole frontage on said Twenty-fifth street within said district liable for assessment."

The notice of intention specified the district as No. 2, with boundaries as follows: " To pave and macadamize the following streets: Twenty-fifth street from the west line of Washington avenue to the west line of Wall avenue. The boundaries of the district to be affected and benefited are lines running 150 feet back and parallel with the outer lines of each. side of the streets on each and every block and for the full length thereof, therein."

It does not fully appear whether the side streets for 150 feet back were to be paved, nor whether abutting owners on the side streets protested or not.

*Mr. Hiram H. Henderson,* and *Messrs. Brown and Henderson,* for the appellants.

The notice was illegal because it required written objections, and further proceedings were illegal because objections were filed by a majority of the owners of front feet upon the street. These objections were jurisdictional and the council acquired no right to proceed. The notice did not describe the improvements with sufficient particularity.

*Messrs. Kimball and Allison,* for the respondents.

The requirement of written objections was legal because expressly required by the statute. The notice does state the improvements with particularity. The statute does not require the character of the material to be stated. The complaint nowhere alleges that the persons objecting were

the owners of one-half of the front feet on the street to be paved, but it does allege that before the objections were acted on, the owners of more than one-half of the front feet objected. But at that time the city council had acquired jurisdiction to proceed with the levy and the objections were too late.

This action cannot be sustained, because sec. 1, cap. 41, Laws of 1890, provides: "But any party feeling aggrieved by any such special tax or assessment or proceeding may pay the said special taxes assessed or levied upon his, her or its property or such installments thereof as may be due, at any time before the same shall become delinquent, under protest, and with notice in writing to the city collector that he intends to sue to recover the same; which notice shall particularly state the alleged grievance and grounds thereof; whereupon such party shall have the right to bring a civil action within sixty days thereafter, and not later, to recover so much of the special taxes paid, as he shall show to be illegal, inequitable, and unjust, the cost to follow the judgment to be apportioned by the court as may seem proper, which remedy shall be exclusive." The Supreme Court of the United States has affirmed such a provision. *Shelton* v. *Platt,* 139 U. S. 591; and see *Omaha* v. *Kountze,* 40 N. W. Rep. 397; *Wilson* v. *Auburn,* 43 N. W. Rep. 257. This statute takes from the district courts none of their chancery jurisdiction, because if the tax is illegal, it forms no cloud unless evidence *aliunde* is necessary to show the invalidity. *Van Dorn* v. *Mayor,* 9 Paige Ch. 388.

ZANE, C. J.:

This is an appeal from an order of the court below sustaining a general demurrer to plaintiffs' complaint, in which numerous facts are alleged, and a prayer for an

17

injunction restraining the levy of a tax for paving Twenty-Fifth street, in district No. 2, in Ogden City, and from a judgment of the court against the plaintiffs after they had elected to stand on their complaint.  The plaintiffs claim that the facts stated in the notice of intention to levy the tax were insufficient to authorize the levy.  It is as follows: "Notice of intention of the city council of Ogden City of creating a district for paving, and of paving and macadamizing the streets therein, and to defray the expenses of such improvement by local assessment.  The city council of Ogden City, in the Territory of Utah, gives notice that it intends to make the following improvements, to wit: Pave and macadamize the following streets:  Twenty-Fifth street, from the west line of Washington avenue to the west line of Wall avenue.  This shall be known as 'Paving District No. 2.'  The boundaries of the district to be affected and benefited are lines running 150 feet back, and parallel with the outer lines of each side of the streets on each and every block, and for the full length thereof, therein.  The estimated cost of such improvement is $40,000.  For the payment of the costs and expenses thereof, the city council intends to levy local taxes upon the real estate lying and being within said paving district to the extent of the benefits to such property by reason of such improvements.  The city council will, on March 29, 1892, at 10 A. M., hear objections in writing from any and all persons interested in said local assessments.  By order of the city council.  T. P. Bryan, City Recorder."

The statute requiring the notice and prescribing the statements it shall contain is as follows:  "In all cases before the levy of any taxes for any improvements provided for in this act, the city council shall give notice of intention to levy said taxes, naming the purpose for which the taxes are to be levied, which notice shall be published at least twenty days in a newspaper published within such

city. Such notice shall describe the improvements so proposed, the boundaries of the district to be affected or benefited by such improvements, the estimated cost of such improvements and designate the time set for such hearing. If at or before the time so fixed written objections to such improvements, signed by the owners of one-half of the front feet abutting upon that portion of the street, lane, avenue or alley to be so improved, be not filed with the recorder, the city council shall be deemed to have acquired jurisdiction to order the making of such improvements." Sec. 13, cap. 41, of Laws of 1890. The same language is found at section 1800, 2 Comp. Laws of 1888, except written objections are required, signed by the owners of one-half in value of the property to be affected or benefited as shown by the last assessment roll. In the notice set forth in the complaint, the intention to levy the tax is expressed, and the purpose of the tax, the description of the improvements proposed, the boundaries of the district, the estimated cost, and the time set for such hearing, are all given with sufficient certainty.

The plaintiffs also alleged in their complaint that the owners of one-half of the front feet abutting on the street named filed with the recorder written objections to the improvements in question before the time designated in the notice for hearing objections to them. The demurrer admitted this allegation. The filing of such objections, in writing, as alleged, signed by the owners of one-half of the front feet abutting on the street, deprived the city council of jurisdiction to order the improvements. We are of the opinion that the court erred in sustaining the demurrer to the plaintiffs' complaint, and in entering judgment against the plaintiffs. The judgment and order appealed from are reversed, and the cause is remanded, with costs to plaintiffs.

BARTCH, J., concurred.