## J. C. ARMSTRONG AND OTHERS, RESPONDENTS, v. OGDEN CITY AND OTHERS, APPELLANTS.[1]

1. MUNICIPAL CORPORATIONS.—PUBLIC IMPROVEMENTS.—STREET ASSESSMENTS.—COLLATERAL ATTACK.—INJUNCTION.—Under § 13 of Ch. 41, Ses. Laws 1890, p. 64, providing that if, at or before the time fixed for hearing objections to street improvements, objections be not filed by the owners of one-half of the front feet abutting on the portion of the street to be improved, the city council "shall be deemed to have acquired jurisdiction to order the making of such improvements," two essential facts were necessary before the city council could acquire jurisdiction. First—That a proper and legal notice of intention had been published, second—that the owners of more than one-half of the front feet abutting upon the street to be improved, failed to object within the time specified. The decision of the city council that objections by the owners of a sufficient number of feet were not filed, may be attacked in an action to enjoin the collection of assessments levied therefor.

2. ID.—ID.—ID.—WITHDRAWAL OF OBJECTIONS.—JURISDICTION TO ORDER IMPROVEMENTS.—Where objections have been filed by the owners of more than one-half of the front feet abutting upon the street to be improved, the withdrawal of objections by owners of a sufficient number of front feet, after the time fixed by the city council for the hearing does not give the city council jurisdiction to order the improvements, but a new proceeding must be instituted.

3. ID.—ID.—ID.—IN ESTIMATING FRONT-FOOTAGE, PUBLIC PROPERTY NOT TO BE CONSIDERED.—In estimating whether the owners of half the front feet abutting upon a street to be improved have objected thereto, property used exclusively for city purposes, against which no part of the cost of improvement is to be assessed, should not, in any way, be considered.

4. ID.—ID.—PAYMENT OF TAX UNDER PROTEST.—VOID ASSESSMENT. REMEDY.—Session Laws 1890, Ch. 41, § 1, p. 58, providing that

---

[1] Appealed to the Supreme Court of the United States, Dec. 30, 1895.

a special tax for a public improvement, shall be set aside for any irregularity, and that any person feeling aggrieved by such tax, may pay the same under protest with notice to the treasurer, and sue for its recovery within 60 days, does not apply to cases where the assessment is void for failure of the council to acquire jurisdiction to order the improvement, and in such case, the property owners may resort to equity.

(No. 598. Decided Dec. 21, 1895. 43 P. R. 119.)

APPEAL from the District Court of the Fourth Judicial District. Hon. William H. King, *Judge.*

Action by J. C. Armstrong and others against Ogden City and others to enjoin the levying of a special assessment for street improvements, and for other relief. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

Mr. *R. H. Whipple,* City Attorney, and *Mr. J. N. Kimball,* for appellants.

The allegations of the complaint do not bring this case within any of the recognized exceptions to the rule that equity will not grant relief in this class of cases by way of injunction to restrain the collection of a tax. These exceptions are:

*First*—To prevent a multiplicity of suits.

*Second*—To prevent irreparable injury.

*Third*—To remove a cloud from the title.

The question is, whether the case is within either of these exceptions. If the record by which the tax is levied is void upon its face, then the plaintiffs have a plain remedy at common law. If the record does not show the invalidity of the tax, that fact must be clearly alleged in the complaint; because, if that is not the case, no cloud would be cast upon the title, and no extrinsic evidence, or evidence *de hors* the record could be introduced. A failure to make this allegation is fatal. *Heywood* v. *Buffalo,*

14 N. Y. 534; *Guest* v. *City of Brooklyn*, 69 N. Y. 506; page of opinion, 513; *Curtis* v. *East Saginaw*, 35 Mich. 508; *Ewing* v. *East St. Louis*, 5 Wall (U. S.) 413. Dillon on Municipal Corp., 4th edition, section 611 and cases there cited; *Dows* v. *City of Chicago*, 11 Wallace (U. S.) 109.

The fact that the assessment is divided into ten installments does not bring the case within the first exception. A decision upon one installment would be effective upon all. *Guest* v. *City of Brooklyn*, *supra*, 513.

The plaintiffs nowhere allege "irreparable injury to the freehold," or to anything or anyone, and if the taxes, on the face of the proceedings, are illegal and void, as alleged, no irreparable injury can follow from the sale of the property. High on Injunctions, 3d edition, § 491; *Dows* v. *City of Chicago*, 11 Wallace 112.

Plaintiffs nowhere allege that the *collection of the tax* will "engender a multiplicity of suits," nor do they anywhere allege that the collection of the tax will "work irreparable injury."

The allegations as here stated, are mere matters of inference. *Shelton* v. *Platt*, 139 U. S. 596.

The cause of gravamen which entitles plaintiff to equitable relief, if they are so entitled, are, "multiplicity of suits," "irreparable injury to the freehold," or "cloud upon the title to the freehold," caused by a collection of the tax.

They cannot be adopted by reference to them in that way. "The distinct causes and their effect must be particularly pleaded in the supplemental complaint." *Haskell* v. *Haskell*, 54 Cal. 256. *No court shall entertain any complaint that the party was authorized to make and did not make to the city council sitting as a board of equalization,* nor any complaint not specified in said notice fully enough to advise the city of the exact nature thereof, nor

any complaint that does not go to the groundwork, equity and justice of the tax.

The supreme court of California has just construed a similar statute to this and holds "that the objection made to the council is a condition precedent to a suit to set aside the assessment," and says, " he apparently thought (speaking of the plaintiff), that he could rest quietly upon his oars until the sale, and then invoke the powers of a court of equity. We do not think he can do this. He should have presented his objection to the council. That question cannot be raised for the first time in the courts. *Metzch* v. *Berkhout,* 35 Pac. 321, page of opinion, 323; High on Inj. § 493.

"A court of equity is not a court of errors, to review the actions of public officers in the assessment and collection of taxes, and will not revise their decision. The law has provided a particular mode for the settlement and decision of errors in behalf of persons dissatisfied with the tax, and they must avail themselves of the legal remedy thus prescribed, and will not be allowed to waive such relief and seek in equity to enjoin the collection of the tax." *Sundrun* v. *Mamstee,* 53 N. W. R. 161; *Warden* v. *Board of Supervisors,* 24 Wis. 672; *Macklot* v. *City of Davenport,* 17 Iowa, 385; *Saving and Loan Society* v. *Austin,* 46 Cal. 488-89-90; see 139 U. S. 596; *Houghton* v. *Austin,* 47 Cal. 651; page of opinion 649-50-51.

"If the tax, as assessed, is illegal and void, as insisted by the plaintiff, he had ample remedy at law—could have paid the tax under protest and recovered it back by a suit at law against the city." High on. Inj. § 29; *C. P. R. R. Co.* v. *Corcoran,* 48 Cal. pp. 69, 70; *Roberts* v. *Greenbush,* 4 Am. Rep. 292; Dill on Municipal Corp. § 906 and note.

"If there is a remedy by statute by suit at law, either before or after payment, equity will not grant relief." *R. R. Tax Cases,* 92 U. S. 575, p. of opinion, 614-15; *Shilton* v.

*Platt,* 139 U. S. 591, p. of opinion, 594–5–7; *Cheatham* v. *United States,* 92 U. S. 89; *Snyder* v. *Marks,* 109 U. S. 189, p. of opinion, 193; *Dows* v. *Chicago,* 11 Wall. 110; High on Inj. §§ 484 to 487.

"If the preliminary facts are sufficient to authorize the tribunal to proceed in the matter there is jurisdiction, and, although subsequent errors and irregularities may intervene, the proceedings will be valid unless avoided by appeal or *certiorari.*" Elliott on Roads and Streets, p. 224.

"Where, however, there is a petition not plainly insufficient upon its face, but sufficient in form and substance to require a judgment upon its sufficiency, the judgment, whether formerly expressed or not, will uphold the proceedings as against a collateral attack made after the work has been completed." Elliott on Roads and Streets, p. 383.

"In all cases where there is a permanent tribunal to approve or reject a report, there is a tribunal competent to render a judgment strong enough to resist collateral attack." Van Fleet on Coll. Attack, § 63; Elliott on Roads and Streets, p. 259; Beach on Public Corporations, § 1130.

"A common council is such a tribunal." Van Fleet on Coll. Attack, § 801.

"No error of fact makes the judgment void." Van Fleet on Coll. Attack, § 526 and notes.

The plaintiffs have had one trial in this matter before the city council; they were summoned into court by virtue of a notice of intention and submitted the controversy to the judicial decision of the city council, and now they are asking another trial in this court by making a collateral assault upon that decision, and that this is a collateral assault; see *Montgomery* v. *Wassam,* 15 N. E. R., p. 795; S. C. 19 N. E. R., p. 184; Van Fleet on Coll. Attack,

§§ 3, 4. "Acts of the council in deciding the sufficiency of the protest is a judicial one." Elliott on Roads and Streets, pp. 218, 219. "The record need not show a formal judgment. If the preliminary facts are sufficient to authorize the tribunal to proceed, then there is jurisdiction. The proceedings will be valid until avoided by appeal or *certiorari.*" Elliott on Roads and Streets, p. 224.

"Findings of fact must be responsive to all the material issues raised by the pleadings." *Carson* v. *Thews,* 9 Pac. Rep. 605; *Hathaway* v. *Ryan,* 51 Cal. 191; *Le Cort* v. *Oullahan,* 52 Cal. 252.

"To limit the time of bringing action to sixty days is not unconstitutional." Dillon Municipal Corp., section 67 and note.

"On the ground that legislation concerning municipal corporations is of a peculiar character on account of their being agencies of the government, the court of appeals of Kentucky holds that a charter provision limiting the right to bring actions to recover money improperly paid for taxes to six months when the general statutes of limitations allow five years in such cases, was not unconstitutional for granting a special privilege." *Covington* v. *Hoadley,* 83 Ky. 444.

An amended (or supplemental) complaint, which brings in new parties or which states a new cause of action does not relate back to the date of filing the original complaint nor have the effect to escape the statute. *Nugent* v. *Adsit,* 53 N. W. Rep. 620; *Link* v. *Jarvis,* 33 Pac. Rep. 206.

Statute applies to suits in equity as well as in law. (Of course this is elementary.) *Chemical Bank* v. *Kissimee,* 32 Fed. Rep. 429.

That case must be started in sixty days. See *Cheatham* v. *United States,* 92 U. S. 85; *Fogg* v. *Price,* 14 N. E. R. 741; *Dist. Twp. of Spencer* v. *Dist. Twp. of Riverton,* 62

Iowa, 30. My contention is that there is misjoinder of parties in the complaint. The right to join as plaintiffs is either *several,* so that each of the plaintiffs *must* sue separately, or *joint,* so that all *must* sue together. *The parties never have the option* to *sue jointly* or *severally at their pleasure.* Pom. Code Rem. p. 232.

" Where the interests, right and damages are both several, plaintiffs *must* sue separately." Pom. Code Rem. p. 224. Plaintiffs claim an accounting in this suit. If that contention is true, then the supplemental complaint must fail, for in an action asking an accounting, all persons interested must be made parties. Pom. Code Rem. p. 321 and sec. 257. My contention is that there is a misjoinder of parties in the complaint. The right to join as plaintiffs is either *several* so that each of the plaintiffs *must* sue separately, or *joint,* so that all *must* sue together. *The parties never have the option* to *sue jointly* or *severally at their pleasure.* Pom. Code Rem. p. 232.

That plaintiffs cannot join in an action of this kind. *Barnes* v. *Beloit,* 19 Wis. pp. 93 and 94; *Fleming* v. *Mershow,* 36 Iowa, p. 413; *Burt* v. *Baldwin,* 46 Iowa, p. 323; *School District* v. *Graham,* 50 Iowa, p. 322. The failure to find on this issue was error. *LeCort* v. *Oullahan,* 52 Cal. p. 252; *Hathoways* v. *Ryan,* 51 Cal. p. 191.

Suppose that part of the plaintiffs paid the tax under protest and part of them did not. Those who did not so pay must, of course, fail in their effort to recover. How will the court divide the cost and how detach the bad and separate the good?

Each cause of action should be separately stated, so that defendant may demur to the bad counts, if thought proper.

Now all the codes provide that the causes of action shall be stated separately so that defendants may demur

to one or more without interference with the others.   Pom.
Code Rem. p. 505.

"The claim of plaintiffs must be joint in the *legal* as
well as in the *equitable* relief sought in order that they
may join their causes of action in one complaint." *Bar-
num* v. *Hostialler*, 67 Cal. p. 272; *Foreman* v. *Boyle*, 88
Cal. p. 290.

The plaintiffs in the supplemental complaint are estopped
because they have stood by well knowing that the city
council had levied the assessment complained of; that the
city was making the improvement, and did not bring ac-
tion to restrain the council or the city from doing the
work until the work was completed and the contractors
paid for doing the same, in full.   Dillon Municipal Corp.,
sec 924 and notes; Elliot Roads and Streets, p. 384;
*Montgomery* v. *Wasson*, 19 N. E. Rep., 184; *Montgomery*
v. *Wasson*, 15 N. E. Rep., 797; *Sanborn* v. *Manistee*, 53
N. W. Rep., 161; *Richy* v. *Topeka*, 16 Pac., 332; *Patter-
son* v. *Rainer*, 43 Iowa, 477.

The statute under which this assessment is made is an
exact copy of the charter of the city of Omaha upon this
subject; in fact, it was copied after that law.

The supreme court of Nebraska has just construed this
statute in a case where action was brought to enjoin the
collection of the tax, and holds as follows:

"Injunction will not lie where the action was not com-
menced until the work was completed and no offer to
tender any portion of the tax was made; even where it is
alleged that the assessment is absolutely void."   High on
Injunctions (3d Ed.) Secs. 549–564; *Redick* v. *Omaha*, 52
N. W. Rep. p. 847; *City of Elkhart* v. *Wickwire*, 22 N.
E. Rep. p. 342.

A voluntary payment of tax illegally assessed cannot be
recovered back, even if void, and it makes no difference
that the payment is made simply to prevent a levy on the

land. *Dewell* v. *Mortaon,* 34 Mich. 170; *Curtis* v. *Saginaw,* 35 Mich. 508; *Rogers* · v. · *Greenbush,* 4 Am. Rep. 292; *R. R. Co.* v. *Commissioner,* 98 U. S. 541; pages of opinion, 544–5.

Administrators, agents and joint tenants can not sign the protest, nor could they be considered by the city council in making up its computation without having first produced their authority. See *Mulligan* v. *Smith,* 59 Cal. 206; *Mayor City of Baltimore,* 20 Atlantic Rep. 1028; *Kahn* v. *Supervisors,* 25 Pac. Rep. 403; *Kahn* v. *Supervisors,* 21 Pac. Rep. 849; *Town of Wayne* v. *Caldwell,* 47 N. W. 547; *State* v. *Mayor of Bayonne,* 23 Atlantic Rep. 648; 15 N. Y. Supplement, 865.

If it appears that the abutting owners had been benefited they could be compelled to pay. Elliot on Roads and Streets, pp. 386-7-9.

The court may, as a matter of justice, compel the plaintiffs to pay or offer to pay the tax. *Daut* v. *Griffin,* 48 N. W. Rep. (Neb.), p. 819; *Lundrum* v. *Manistee,* 53 N. W. Rep. 161; *Elkhart* v. *Wickwire,* 22 N. E. R. (Ind.) 342.

*Messrs. Zane & Zane* and *Messrs. Evans & Rogers,* for respondents.

This cause was tried upon conflicting testimony in a few matters; generally, however, there is and can be no dispute in regard to the facts. Whenever there has been a finding upon conflicting evidence, that finding of the lower court, will not be set aside or reviewed here, whether the cause was in equity or at law. *Dooly Block* v. *Rapid Transit Co.,* 9 Utah, 31; *Wells* v. *Wells,* 7 Utah, 68.

Secondly, this being an equity case and trial had before the court, errors assigned upon the admission of evidence are not available upon this appeal, although we do not

mean to suggest or concede that there is any such error. *Machine Co.* v. *Mining Co.,* 6 Utah, 351; *Affirmed Mammoth Mining Co.* v. *Salt Lake Machinery Co.,* 151 U. S. 447; *Mining Co.* v. *Haws,* 7 Utah, 515.

### LAW OF THE CASE.

Thirdly, the law of this case has been settled to this extent: *First,* that the complaint states a cause of action. *Second,* that if a proper protest was filed, no jurisdiction was ever obtained to proceed with the assessment. *Third,* the remedy given by the paving statute to pay and then recover back in an action at law within sixty days, is not exclusive of the equitable jurisdiction of the district courts. *Armstrong* v. *Ogden,* 9 Utah, 255; *Pettit* v. *Duke,* 10 Utah, 311, 37 Pac. Rep. 568; *Raybould* v. *Hardy,* 7 Utah, 368.

The cases cited by the appellants to the point that this action does not lie, are authorities upon which we rely. We pleaded a cloud upon our title: Second, multiplicity of suits; third, that parol evidence was necessary to show the illegality of the tax (and several days were spent in taking that testimony). These are all well recognized heads of equity jurisdiction to restrain a tax levy. The statute itself makes this levy a lien and cloud upon the title of plaintiffs. All the cases show our right to maintain this action. *Dows* v. *Chicago,* 11 Wall. 108; *Railway Co.* v. *Cheyenne,* 113 U. S. 516; *Shelton* v. *Platt,* 139 U. S. 591.

But the second point made is this, that it was a part of the jurisdiction of the city council to decide whether or not a majority had protested, and even if they did decide that fact wrongly and contrary to the fact, that adjudication is not subject to collateral attack. But is this collateral attack? This is a direct attack upon that adjudication to set the proceeding aside. *Zeigler* v. *Hopkins,* 117 U. S. 683; *Mulligan* v. *Smith,* 59 Cal. 206.

Certain questions of law arose upon this protest. The

first was whether we had the right to show an authority to our agent to sign a protest. For that we refer to a case exactly in point. *Construction Co.* v. *Gerst*, 37 Mo. App. 509.

But this withdrawal question is wholly immaterial for the reason, that a withdrawal could not be made after the time of filing the protest. *State* v. *Jersey City*, 44 N. J. Law 626; *Brewing Co.* v. *Jersey City*, 42 N. J. Law 275.

The Salt Lake City ordinances, which were drawn with great care under this law, provide districts a full system of public improvements by ordinance, determine, the form and mode of local assessments and fix the methods for ascertaining benefits. Revised Ordinances, 1892, pages 421-433.

But in this case nothing of this kind was done at all. No system was devised, no form and mode of levying the assessment, no method was given for ascertaining the benefits to the property assessed. (See 16th Finding, Abstract page 196) for these facts. These provisions are for the protection of the citizen and must be strictly followed. *Hopkins* v. *Mason*, 42 How. Pr. 115; *Railway Co.* v. *Huchn*, 59 Fed. Rep. 335; *Merritt* v. *Porchester*, 71 N. Y. 309.

The general principles are that special assessments are not taxation, but are a taking of private property for public use. Hence just compensation must be provided. This just compensation consists of the benefits to the property and therefore the assessment can never exceed this actual benefit. Since the procedure is a taking of private property, the statutory method must be strictly pursued. Every fact required must appear. Whatever things are required to be done preliminarily must be done. Where ordinances are required they must be passed as ordinances or resolutions passed as ordinances. *Power's Appeal*, 29 Mich. 504; *Creighton* v. *Manson*, 27 Cal. 614;

*City* v. *Sears*, 2 Colo. 588; *Tide Water Co.* v. *Coster*, 18 N. J. Eq. 519.

No local assessment can ever be levied beyond the actual benefit. *White* v. *Saginaw*, 67 Mich. 40; *Thomas* v. *Gain*, 35 Mich. 155; *St. John* v. *East St. Louis*, 62 Ill. 427; *Adams* v. *Bay City*, 78 Mich. 211; *Passaic* v. *State*, 37 N. J. Law, 538.

Charging each lot arbitrarily with the cost in front of it cannot be sustained. *Davis* v. *Litchfield*, 145 Ill. 313; *Railway Co.* v. *Committee*, 26 At. Rep. 800; *State* v. *Judge*, 53 N. W. Rep. 800.

The frontage rule is absolutely bad under the constitutional requirement of equality and uniformity. *Chicago* v. *Larned*, 34 Ill. 203; *Ottawa* v. *Spencer*, 40 Ill. 211.

The council could only have proceeded with macadamizing, even had they got jurisdiction. The change to a costlier and different improvement invalidates this assessment. No new notice of intention was ever given. *Partridge* v. *Lucas*, 33 Pac. Rep. 1082; *Hawthorn* v. *Portland*, 13 Oregon, 270; 10 Pac. Rep. 345.

Curbing is included in the specifications, in the contract and in the ordinance, but was not included in the original notice of intention. It could not be, for the reason that the law requires a separate assessment for curbing. This invalidates this assessment. See authorities last cited.

The notice to bidders invalidated the assessment made to pay for the improvement, because it confined the competition and restricted the bidding. *McDermott* v. *Jersey City*, 28 Atlantic Rep. 424; *Re Manhattan R. R. Co.*, 102 N. Y. 301.

The contract provided for keeping the street in repair for two years. In other words it imposed on the abutting owners the cost of repairs, which is not provided for by the law at all. That is expressly excepted by the law.

This invalidates this assessment. *Brown* v. *Jenks*, 32 Pac. Rep. 761; *Paving Co.* v. *Leach*, 34 Pac. Rep. 116.

Finally the contract included the whole cost of grading the street as did the specifications and the proposals. One-half of this cost is by Laws of 1890, page 55, 17th line, expressly excepted to be borne by the city at large. This likewise invalidated this assessment. No deduction whatever was made for street railways. Laws of 1890, § 2, page 58. *Wilcoxon* v. *San Luis Obispo*, 35 Pac. Rep. 988.

The objections to the supplemental complaint for misjoinder of causes of action and parties, not having been taken by demurrer, may not be raised for the first time in the supreme court. The failure of the court to find on the affirmative issues raised by the answer as to the statute of limitations and estoppel, was not error. The court found that these two defenses were not true, and the facts found are sufficient to support the judgment. *Fox* v. *Haarstick*, 156 U. S. 674; affirming *Fox* v. *Haarstick*, 9 Utah, 110. After these causes of action on first appeal had been reversed, the city obstinately proceeded to advertise the property of plaintiffs for sale, and were about to sell it when plaintiffs paid their taxes under protest. If each one of these plaintiffs sued, a great multiplicity of actions would result, and hence, they were brought in by the supplemental complaint, and made parties, in order that the whole controversy might be determined in this action, the court of equity having acquired jurisdiction on the whole subject of the assessment, could keep it and settle the whole controversy, as in *Pettit* v. *Duke, supra,* and in *Raybould* v. *Hardy, supra.*

This was the situation when the supplemental complaint was filed. The law permitting its filing is § 3250, 2 Comp. Laws 252, which enacts the old Chancery rule, stated in 2 Daniels' Chan. Prac. (Star page) 1515 to 1522,

where many instances are cited and the application of the rule fully settled. The flexibility of this proceeding is shown in such cases as the following: *Livesey* v. *Livesey*, 3 Russell 287; *Jaques* v. *Hall*, 3 Gray, 194; *Edgar* v. *Clevenger*, 2 Green Ch. 258; *Hasbrouck* v. *Shuster*, 4 Barb. Ch. 285; 6 Am. and Eng. Encyc. 776; Boone on Code Pleading, § 40.

The general rule is that equity having acquired jurisdiction of a controversy for one purpose will retain it and settle it for all purposes. *Ober* v. *Gallagher*, 93 U. S. 199. 1 Pomeroy Eq. Jurisp., §§ 231, 234, 236, 239. *Herbert* v. *Ins. Co.*, 8 Sawyer 198, 12 Fed. Rep. 807.

That portion of the statute which requires the party to pay the taxes and sue for the same in 90 days, is not applicable to a case where the assessment is void for want of jurisdiction in the city council, but in such a case the party has his remedy by injunction. Besides, if this statute intends or purports to oust the district courts in this territory of their original exclusive jurisdiction in chancery, it is opposed to the Poland bill and must fall. But here the whole proceeding was void, because no jurisdiction was acquired, so the statute does not apply. *Wahlgreen* v. *Kansas City*, 21 Pac. Rep. 1068; *Goad* v. *Norby*, 28 Iowa, 188.

No estoppel can arise from proceedings that are absolutely void. *Howell* v. *City of Tacoma*, 3 Wash. 711; *Rector* v. *Board*, 50 Ark. 116; *Dean* v. *Charlton*, 23 Wis. 590.

ROLAPP, J.

This action was originally brought to enjoin the levying of a special assessment to pay the expenses of paving a portion of Twenty-Fifth street, in Ogden City, under the name of "Paving District No. 2." A demurrer to the complaint was filed in the court below, and sustained.

An appeal was taken to this court, and the judgment of the lower court reversed. *Armstrong* v. *Ogden City,* 9 Utah, 255, 34 Pac. 53. Thereupon a supplemental complaint was filed by the plaintiffs—for themselves, and on behalf of certain other parties similarly situated—to enjoin the further collection of the tax, and also to recover judgment against the city for the amount of taxes paid by them under protest. The lower court found that the assessment was invalid, because Ogden City never obtained jurisdiction to make the improvements contemplated, and perpetually enjoined the defendants from all proceedings under the ordinance creating paving district No. 2, and levying the tax for the improvement specified, and also directing that the plaintiffs recover the amounts paid by them to the city under protest. A motion for a new trial was made and denied, and the appeal is taken both from judgment and from the order denying a new trial.

The facts are that on March 7, 1892, the city council adopted and published a notice of intention, in which they designated the 29th day of March, 1892, at 10 o'clock a. m., as the time to hear objections in writing from any and all persons interested in said local assessments. Before the appointed time, at least 2,315 front feet abutting upon the street to be paved protested against the assessments. The city council did not act upon the protest at the time appointed, but adjourned from time to time until April 4, 1892. It then appeared that in the meantime owners theretofore protesting had withdrawn from such protest sufficient front feet to make the protest probably contain less than one-half of the entire frontage in the said paving district. The entire frontage in the paving district was 3,960 feet, but this computation included 660 feet owned by the city and used for city-hall purposes. The city council thereupon, without publishing a new notice of intention, proceeded to change the paving from macadamiz-

ing, as specified in the notice, to asphaltum and sand-stone, and confined the competition to do the work to residents of the city. On March 22, 1893,—more than a year after the publication of the notice of intention,—the city council adopted an ordinance creating paving district No. 2. The improvements were proceeded with, and in December, 1893, the plaintiffs paid the tax levied against their property, under protest.

This court has already held that the original notice of intention was sufficient, and that, if a proper protest was filed, no jurisdiction was ever obtained by the city council of Ogden City to proceed with the assessment. *Armstrong* v. *Ogden City,* 9 Utah 255, 34 Pac. 53. The original notice of intention provided as follows: "The boundaries of the district to be affected and benefited are lines running 150 feet back, and parallel with the outer lines of each side of the street on each and every block, and for the full length therein." The street referred to is described in the notice as "25th street from the west line of Washington avenue to the west line of Wall avenue." The statute requiring the notice of intention, and pre-scribing the statements it shall contain where local im-provements in a city are proposed, is as follows: "Sec. 13. In all cases before the levy of any taxes for any im-provements provided for in this act the city council shall give notice of intention to levy said taxes naming the purpose for the which the taxes are to be levied, which notice shall be published at least twenty days in a news-paper published within such city. Such notice shall des-cribe the improvements so proposed, the boundaries of the district to be affected or benefited by such improvements; the estimated cost of such improvements and designate the time set for such hearing. If at or before the time fixed written objections to such inprovements signed by the owners of one-half the front feet abutting upon that

portion of the street, lane avenue or alley to be so improved, be not filed with the recorder, the council shall be deemed to have acquired jurisdiction to order the making of such improvements." Laws 1890, p. 64.

It is not claimed by appellants that, at the time appointed in the notice of intention to hear these objections, a majority of the front feet abutting upon the street in question had not filed such written objections; but appellants contend that the publication of the notice of intention gave the city council jurisdiction, and that the attempt to dislodge that jurisdiction by a protest was a matter of judicial inquiry upon the part of the city council, and the fact of their having determined that a majority of the front feet abutting had not properly protested precluded any further attack upon that decision. This reasoning is absolutely fallacious. The statute plainly provides that, if sufficient objections are not filed within the time required, "the city council shall be deemed to have acquired jurisdiction;" and, of course, by rule of statutory construction, it provides that, if a sufficient protest has been filed, they fail to acquire jurisdiction, notwithstanding any decision the city council might arrive at to the contrary. Two essential facts were necessary before the city council could acquire jurisdiction: First, that a proper and legal notice of intention had been published; and, second, that more than one-half of the front feet abutting upon the street to be improved had failed to object within the time specified. If these two requirements did not exist, no owner of property within the proposed paving district was concluded by the decision of the city council. *Zeigler* v. *Hopkins*, 117 U. S. 683, 6 Sup. Ct. 919; *Mulligan* v. *Smith*, 59 Cal. 206.

But appellants contend that, even if the decision of the city council was not conclusive, it was a correct finding of fact. They admit that at the time appointed more

than one-half of the front feet abutting upon the street
had not objected, but contend that the owners of a suffi-
cient number of front feet withdrew their protest, and
that, therefore, the city council acquired jurisdiction to
proceed with the improvement. The statute above referred
to sufficiently answers this contention. It expressly denies
to the city council jurisdiction to proceed with the im-
provements, if, at the time fixed to hear objections, a
sufficient remonstrance is presented. At that time such a
remonstrance was presented. The city council was thereby
wholly deprived of power to proceed. No power could be
subsequently acquired in that proceeding. A new pro-
ceeding might be instituted, and, after due notice of
intention, new power could be obtained. The parties pro-
testing and not withdrawing acquired a right to rely upon
the statute existing at the time appointed to hear objec-
tions, and were entitled to notice of any action affecting
their interests. It may also be that others who desired to
object refrained from so doing upon ascertaining that a
sufficient protest was already filed. *Jersey City Brewing
Co.* v. *Jersey City*, 42 N. J. Law, 575; *Vanderbeck* v.
*Jersey City*, 44 N. J. Law, 626. Supposing that, at the
time appointed to hear objections, less than one-half of
the frontage abutting on the street had protested, would
it then have been seriously contended that thereafter, and
before the city council acted upon the protest, enough
more protests could have been filed to defeat the improve-
ments? If that could not have been done, clearly, the
reverse could not be done, either.

But, even granting that the contentions of appellants
were either correct in law or true in fact, yet we think
that the city council failed to acquire jurisdiction, because,
as a matter of fact, more than one-half of the front feet
abutting upon the street properly protested, at all events.
The total frontage of the district was 3,960 feet. The

lowest number protesting, after deducting withdrawals, as claimed by appellant, was 1,878½ feet. But included in the 3,960 feet were 660 feet owned by the city, and used for city hall purposes, which the city council claimed the right to count in favor of the improving, notwithstanding it was excluded in the paving ordinance from the property upon which the paving tax was levied, and notwithstanding the entire estimated expense of $40,000 for the improvement was levied upon the remaining 3,300 feet, by assessing $12 against each of these last-named front feet. If appellants' position were right, the statute permitting property owners in local assessment districts to vote for or against any proposed improvement would become entirely inoperative; at all events, so far as property owners living in close proximity to public property is concerned. If, for instance, the city council should create a paving district out of the four portions of streets that surround a square used exclusively for city purposes, it would only be necessary to secure the consent of the owner of a single front foot of the property abutting upon the opposite side of the street from the public square to abstain from protesting, and the remaining frontage would not only be powerless to prevent the improvement, but would be compelled to pay practically the entire expenses.

Such a proceeding would only be the natural outgrowth of the actions exhibited by the appellants in this case, and would produce great injustice to property owners subjected thereto. So far as proceeding with the improvement or assisting in acquiring jurisdiction are concerned, we have been unable to find any case where public property situated within the confines of a local improvement district has been permitted to affect the result, either one way or the other; and we think that the establishment of such a rule would not only be wrong in principle and wrong in theory, but it would also be contrary to the spirit

and intention of the statutes providing for special improvement assessments.

It is also insisted upon the part of the appellants that respondents cannot recover the taxes paid by them under protest, because section 1, p. 58, Sess. Laws 1890, provides that "any party feeling aggrieved by any such special tax or assessment or proceeding, may pay the said special taxes assessed or levied upon his, her or its property or such installments thereof as may be due, at any time before the same shall become delinquent, under protest, and with notice in writing to the city collector that he intends to sue to recover the same, which notice shall particularly state the alleged grievance and grounds thereof, whereupon such party shall have the right to bring a civil action within sixty days thereafter, and not later, to recover so much of the special tax as he shall show to be illegal, inequitable and unjust, the costs to follow the judgment to be apportioned by the court as may seem proper, which remedy shall be exclusive."

In this case respondents did not give the notice required, nor did they commence action within 60 days after the taxes became delinquent. But this statute did not contemplate a case where the whole initiatory proceedings were absolutely void, and where no jurisdiction had ever been acquired to commence the improvements or levy the tax. This appears more clearly when the above provision is read in conjunction with the provision in the same section immediately preceding what we have just quoted. That part of the section reads as follows: "No such special tax shall be declared void, nor shall any assessment or part thereof be set aside in consequence of any error or irregularity committed or appearing in any of the proceedings under this act." In other words, if, after having acquired jurisdiction, the city council should have erroneously levied a larger tax than was necessary to pay for the im-

provement, or if the city council should irregularly have assessed more property against a person than he owned, then, of course, the party injured would be compelled to remedy such error or irregularity by giving a proper notice and commencing action as in this section of the statute provided. But it cannot be maintained that where the tax was wholly void and illegal, as in this case, the parties injured were compelled to use this special and summary remedy, when the whole field of equitable relief was open to them. We think the proper remedy was employed in this action.

The record discloses many other grounds making the attempted improvement proceedings void and illegal, but it is unnecessary to discuss them in detail, as we deem the foregoing reasons decisive of the case. The judgment of the lower court is affirmed.

MERRITT, C. J., and BARTCH, J., concur.