# SHEA et al. v. STATE TAX COMMISSION et al.

No. 6351.  Decided December 29, 1941.  (120 P. 2d 274.)

210

See 42 C. J. Motor Vehicles, sec. 209; 26 R. C. L. 454 (8 Perm. Supp. 5773).

*Louis H. Callister, Ned Warnock,* and *E. R. Callister, Jr.,* all of Salt Lake City, for appellants.

*Alvin I. Smith* and *Garfield O. Anderson,* both of Salt Lake City, for respondents.

LARSON, Justice.

This action involves the construction of Section 149 of Chapter 65, Laws of Utah 1937. Plaintiffs were engaged in the business in the State of Utah of motor transportation of property for hire by the use of Diesel engined transports. Between December, 1938, and October, 1939, pursuant to Section 133, Chapter 46, Laws of Utah 1935, as amended by Chapter 65, Laws of Utah 1937, plaintiffs paid to defendants sums aggregating over $4,696.45, as Diesel fuel taxes or fees. These payments were made without protest. Plaintiffs filed with defendants claims for refunds of the amounts so paid under the provisions of Section 149, supra. on the grounds that the payments were made through error because the law

fixing and exacting the tax or fee was unconstitutional. Defendants denied the claims for refund. Plaintiffs sought mandamus in the District Court to compel defendants to allow and approve the claims for refund. Upon hearing the court denied a permanent writ and plaintiffs appeal. Between the time of payment and the commencement of this action the court in *Carter* v. *State Tax Commission,* 98 Utah 96, 96 P. 2d 727, 126 A. L. R. 1402, held the diesel fuel tax unconstitutional. The statutes here involved read as follows:

### Chapter 65, Laws of Utah 1937, Section 148:

"Whenever any application to the department is accompanied by any fees as required by law and such application is refused or rejected, said fees shall be returned immediately to said applicant."

### Section 149:

"Whenever the department through error collects any fee not required to be paid hereunder the same shall be refunded to the person paying the same upon written application therefor made within six months after date of such payment."

The question is: What is the meaning of the expressions *"through error collects"* and *"fee not required to be paid hereunder"* as used in the last section quoted? Plaintiffs contend that any collection under an unconstitutional or void statute is a "collection through error" and is one "not required to be paid under the law."

We think the plaintiffs are in error and the trial court was right. The chapter provides for the registration of motor vehicles and the exaction of certain fees therefor. Such fees include the Diesel fuel tax. *Carter* v. *State Tax Commission,* supra.

Section 148, quoted above, provides that when an application for registration accompanied by *any fees required by law* is refused or rejected, the tendered fees shall be returned immediately to the applicant. Such fees should not be converted into, or made a part of, or deposited in the collections of the commission which it

is required to transmit daily to the State Treasurer. Section 150. But through error of the personnel either in not discovering in time that the application should be rejected, or from other causes the commission converts into its accounts and funds, money collected which the provisions of the chapter do not provide it shall collect, such money shall be refunded upon request. We think the term "through error" means error of the personnel, error of the commission or its employees in operating under the act, and not error of the legislature in enacting the act. It means that the commission may correct its errors, the errors made by its personnel, so as to place the parties where they would have been had the employee not made the error. This is emphasized by the fact that the statute permits refunds through the commission only when through error it has collected any "fee *not required to be paid hereunder,*" that is, any fee which the act as passed by the legislature does not provide it shall collect. In this way it may keep its accounts in harmony with the duties imposed upon it by the terms of the statute as declared by the legislature. It is not for the tax commission to determine questions of legality or constitutionality of legislative enactments. In cases in which legality or illegality of tax sought to be recovered by taxpayer necessarily involves determination of questions of law calling for exercise of strictly judicial functions, payment under protest and compliance with other provisions of the statutes afford the exclusive remedy. *Security National Bank* v. *Twinde et al.,* 52 S. D. 352, 217 N. W. 542. We cannot suppose that in enacting the law the legislature had in contemplation that its enactments were unconstitutional. We are fortified in this position because there has been upon the statute books for over forty years a provision similar to Section 80-11-11, R. S. U. 1933, providing,

"In *all* cases of levy of *taxes, licenses,* or *other demands for public revenue* which is deemed *unlawful.*"

it may be paid under protest and suit brought to recover. Also Section 80-11-13, providing,

"In case *any tax or license* shall be paid to the state under protest."

it shall be kept segregated, etc., until the legality of the collection is determined. We have had occasion to examine and apply these last sections and also Section 80-10-17, R. S. U. 1933. *State* v. *District Court,* (Utah) 115 P. 2d 913; *Wilson* v. *Weber County,* 100 Utah 141, 111 P. 2d 147; *Nielson* v. *San Pete County,* 40 Utah 560, 123 P. 334. In the latter case it was first pointed out that the section for payment under protest was to cover cases which the taxpayer may deem unlawful but which the collecting officers may not deem unlawful, that is, taxes which they felt that they were required to collect under the terms of the statute. In such cases payment under protest is necessary so the officials may keep the tax segregated. Words "erroneously paid," relating to refunding of taxes paid cannot be applied to payment of any tax which for "any" reason is invalid, but must be taken in ordinary sense of mistakenly paid, and were clearly intended to cover cases where payment was made under misapprehension as to what was being paid. *Security National Bank* v. *Twinde et al.,* 52 S. D. 352, 217 N. W. 542. The section as to refunds there considered was held to apply only to collections which the officials could themselves have determined at the time of collection that they should not collect, such determination to be made as a matter of fact and not as a matter of law. This position was reaffirmed in *State* v. *District Court,* supra. We think the distinctions therein indicated apply with equal force to the present situation.

It has been suggested that this conclusion is at variance with what is said in *Wilson* v. *Weber County,* supra. That case must be considered as overruled to the extent that anything said in that opinion may be said to hold that a tax, license, or other exaction for the public revenue, not paid under protest, may be recovered because collected under a statute subsequently held invalid.

Counsel for neither side have cited any statute like our Chapter 65 here involved, and we have been unable to find any.

The judgment of the District Court is affirmed. Costs to respondents.

WOLFE and McDONOUGH, JJ., concur.

MOFFAT, C. J., and PRATT, J., dissent.