**STATE TAX COMMISSION, State of Utah, Plaintiff and Respondent,**

v.

**Warren S. WRIGHT, Defendant and Appellant.**

**No. 15931.**

Supreme Court of Utah.

May 15, 1979.

---

Warren S. Wright, pro se.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant, Warren S. Wright, acting pro se, seeks review of the trial court's denial of a motion to dismiss a warrant of judgment to recover a four-year underpayment of income taxes. Defendant argued in the court below, and seeks to raise here, constitutional questions as to the validity of the tax. We affirm the lower court's dismissal.

Defendant appeared in the court below in a supplemental proceeding pursuant to Rule 69 of the Utah Rules of Civil Procedure. The sole purpose of the hearing was to determine the location and amount of the defendant's property for the purpose of satisfying the warrant of judgment. The warrant of judgment at that stage had become a final order. No appeal had been taken to this Court.[1]

Nevertheless, at the hearing the defendant contended that the warrant of judgment was invalid because the tax rate upon which the deficiencies were based was unconstitutionally discriminatory, i. e., defendant was taxed at the individual rate rather than the lower rates applicable to heads of households and married persons filing a joint return. That the tax rates are different may be conceded; but whether they are unconstitutionally discriminatory is an entirely different matter.

Defendant represented to the trial court that he had been unable to obtain consideration of his constitutional argument before the Tax Commission. The record does not disclose what in fact took place before the Commission or that defendant made an attempt to take a direct appeal to this Court. The trial court, out of an abundance of concern for the right of the taxpayer to assert his constitutional claim, and with the concurrence of counsel for the Tax Commission, entered an order dismissing defendant's motion to set the judgment aside on the ground that the tax rate applied to the defendant was discriminatory and unconstitutional.

On appeal from the dismissal, both parties in this Court have focused their arguments entirely on the merits of the issue as to whether the tax rates are discriminatory.[2] This Court is, however, precluded from reaching this issue. We are not bound, nor indeed permitted, to adjudicate the issue since it could not properly be raised in a supplemental proceeding before the district court in the first place; and although both parties have in effect stipulated that this Court may resolve the issue on the merits, that would not provide sufficient grounds for this Court to do so. Section 59–14A–76(a) specifically provided that orders of the Tax Commission could be reviewed only on direct appeal by this Court.

---

1. Section 59–14A–76. This section was in effect during the time covered by Tax Commission's deficiency determinations. In 1977 it was repealed; Sections 59–24–1, et seq. (1977 pocket supplement to U.C.A.) were enacted to provide for review of tax deficiencies in the tax division of a district court or alternatively by way of writ of certiorari to the Utah Supreme Court.

2. The Tax Commission in two sentences in its written statement of the nature of the case asserts that this case is not properly before the court, but addresses the entirety of its argument to the merits.

The difficulty with defendant's position is that the statutory procedures enacted by the Legislature for judicial review of the legality of the state tax have not been complied with. The Legislature has established carefully defined procedures to be followed for review of the legality of the tax laws and of Tax Commission deficiency orders. Section 59–14A–76(a), which was in effect during the time the deficiencies in the instant case were determined, provided for judicial review of such determinations directly by this Court. Review was solely on the record made before the Tax Commission.

Although the Tax Commission must of necessity interpret the taxing statutes and make determinations as to their applicability, it has been stated that "it is not for the tax commission to determine questions of legality or constitutionality of legislative enactments" *Shea v. State Tax Commission*, 101 Utah 209, 212, 120 P.2d 274, 275 (1941). These questions could, however, have been raised by an independent action in a district court pursuant to Sections 59–11–10 or 59–11–11.[3]

In passing, we note that the constitutionality of the tax is sustained by a presumption of constitutionality, and, at the very least, a strong evidentiary showing would have to be made to overcome that presumption. We indicate no view at all on the merits whether such a showing can be made.

Since the matter was not properly before the district court, the order of that court dismissing the motion to set aside the warrant of judgment is affirmed.

MAUGHAN, WILKINS and HALL, JJ., concur.

---

3. *Mercur Gold M & M Co. v. Spry*, 16 Utah 222, 52 P. 382 (1898), interpreted the predecessor provisions of Sections 59–11–10 and 59–11–11 and described the different functions to be fulfilled by each. With respect to Section 59–11–10 the court stated (16 Utah at 233, 52 P. at 386):
  "While the statute referred to recognizes the right to injunction when the tax, or any part thereof, sought to be enjoined, is illegal,

CROCKETT, Chief Justice (concurring with added comments)

Accepting the correctness of the main opinion's disposition of this case on procedural grounds, I think it is not amiss to add the comment that in my judgment the defendant's position is without merit if we reached it. He complains of unjust discrimination because as a single person he is taxed differently than married persons, heads of families, or other classes. The universally recognized and fundamental rule is that persons in different classes may be treated differently under the law, and there is no unjust discrimination, nor deprivation of equal protection, so long as the classification bears a reasonable relationship to the purpose of the statute, and all persons within the class are treated equally. See e. g., *State v. Mason*, 94 Utah 501, 78 P.2d 920; and *Leetham v. McGinn*, Utah, 524 P.2d 323.

---

or is not authorized by law, the remedy should not be invoked, except in clear cases, based upon unquestionable facts, coming within the clear terms, letter, and spirit of the statute." See also *Armstrong v. Ogden City*, 12 Utah 476, 43 P. 119 (1895).

Section 59–11–11, which was in effect during the pertinent time in this case, was amended in 1977 in a manner not material here.