*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 24**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TERRY TISCHMAK,
*Petitioner,*

*v.*

UTAH STATE TAX COMMISSION,
*Respondent.*

No. 20230443
Heard December 11, 2024
Filed July 25, 2025

On Petition for Review of Agency Decision

Utah State Tax Commission, Auditing Division
The Honorable Jane Phan
No. 21-1478

Attorneys:

Michael D. Black, Salt Lake City, for petitioner

Derek E. Brown, Att'y Gen., Sarah Goldberg, Asst. Solic. Gen.,
Salt Lake City, for respondent

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE HAGEN, and JUSTICE POHLMAN joined.

JUSTICE PETERSEN, opinion of the Court:

## INTRODUCTION

¶1 Utah, like many other states across the country, offers reduced tuition to Utah residents who are enrolled at state institutions of higher education. These subsidized tuition rates are funded by the state's income tax, which is constitutionally earmarked to include funding for higher education. And the Utah

tax code ensures that those benefitting from these subsidized rates pay state taxes on their income. In 2012, the legislature passed the Domicile Statute, which establishes the criteria for determining who is domiciled in Utah for tax purposes. One provision deems all Utah residents who are enrolled in a state institution of higher education (resident students) to be domiciled in Utah and therefore subject to Utah's income tax. UTAH CODE § 59-10-136(1)(a)(ii) (2012). The Domicile Statute also has implications for the spouse of a resident student. If a resident student is married, then the spouse of that student is also considered to be domiciled in Utah and subject to Utah's income tax. *Id.*

¶2 This case concerns the Utah State Tax Commission's determination that Terry Tischmak owes income taxes to the State of Utah for the 2013 and 2014 tax years because he was married to a resident student, even though he was living in Wyoming at the time. During the years in question, Tischmak and his wife had separated but remained legally married. Tischmak lived and worked in Wyoming and his wife lived in Utah and attended Salt Lake Community College. For these tax years, Tischmak and his wife chose to file their federal taxes jointly as a married couple. Under these circumstances, the Domicile Statute deemed Tischmak to be domiciled in Utah because his wife was a resident student.

¶3 Tischmak, however, did not pay the Utah state tax on his income in 2013 or 2014. Years later, Tischmak was audited and notified of the deficiency. He appealed, and after a formal hearing the Tax Commission confirmed that Tischmak owed the State of Utah taxes on his income for both years.

¶4 Tischmak challenges the Commission's decision, arguing that the Domicile Statute is unconstitutional in numerous ways — but predominantly because it violates the federal right to travel. However, Tischmak has not met his burden to persuade us that the Statute is unconstitutional in any of the ways that he advances. Accordingly, we uphold the decision of the Tax Commission.

## BACKGROUND

¶5 In 2013 and 2014, Terry Tischmak and his wife were separated. However, they were still legally married and did not officially divorce until several years later.

¶6 During the years in question, Tischmak's wife resided in Salt Lake City in a home that the Tischmaks jointly owned. And she

was enrolled as a student at Salt Lake Community College (SLCC), where she enjoyed the benefit of in-state resident tuition.

¶7     Tischmak had left the state and moved to Wyoming—though he would regularly return to Utah to visit family. He lived full time in Rock Springs, Wyoming for all of 2013, and then moved to Cheyenne, Wyoming partway through 2014. During those years, Tischmak worked in Wyoming, was registered to vote in Wyoming, and had a Wyoming driver's license.

¶8     When it came time to file his 2013 and 2014 taxes, Tischmak did not file a Utah individual tax return for either year. He did, however, file federal tax returns in 2013 and 2014. He chose to file those returns "married filing jointly" with his then-wife. The Tischmaks used the address of their jointly owned Salt Lake City residence on their tax returns, and they received the primary residential property tax exemption on the property.

¶9     Some years later, the Auditing Division of the Tax Commission sent Tischmak a Notice of Deficiency and Estimated Income Tax for both 2013 and 2014. Tischmak appealed the deficiencies for both years, arguing that he should not be subject to Utah's income tax because he had been living in Wyoming at the time. The Commission held an initial hearing where it found that both Tischmak and his then-wife were domiciled in Utah and subject to Utah's tax laws for the 2013 and 2014 tax years. Tischmak then requested a formal hearing.

¶10   After the formal hearing, the Commission entered an order reaffirming its conclusion that both Tischmaks were domiciled in Utah for the 2013 and 2014 tax years. Its reasoning was based on the Resident-Student Provision of the Domicile Statute, which states that an "individual is considered to have domicile in this state if . . . the individual or the individual's spouse is a resident student . . . who is enrolled in an institution of higher education . . . in this state." UTAH CODE § 59-10-136(1)(a)(ii) (2012).[1]

¶11 Because Tischmak's spouse was enrolled in a Utah institution of higher education during 2013 and 2014, the

---

[1] The legislature amended the Domicile Statute after the tax years in question. We cite, apply, and analyze the version of the Statute in effect in 2013 and 2014. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 ("[W]e apply the law as it exists at the time of the event regulated by the law in question.").

Commission concluded that "the statute is clear and unambiguous and based on its express terms both Taxpayers were domiciled in Utah for all of 2013 and 2014." Therefore, the Commission determined that all of Tischmak's adjusted gross income was taxable by Utah regardless of where it was earned, and that Tischmak was required to pay taxes to the State of Utah on his full income for those years.

¶12 Tischmak argued to the Commission that the Domicile Statute is unconstitutional for a variety of reasons. But the Commission refrained from evaluating those arguments, noting that it lacked the authority to do so. *See Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 15, 34 P.3d 180 ("It is not for the Tax Commission to determine questions of legality or constitutionality of legislative enactments." (cleaned up)).

¶13 Tischmak now brings his constitutional arguments to us. We have jurisdiction under Utah Code section 78A-3-102(3)(e)(ii).

## STANDARD OF REVIEW

¶14 Tischmak raises multiple constitutional challenges to the Domicile Statute. Because there is no decision from the Tax Commission on these questions, there is no standard of review to apply. We address Tischmak's arguments in the first instance.

## ANALYSIS

¶15 Tischmak does not dispute that for tax purposes, in 2013 and 2014 he was a Utah "resident individual," *see* UTAH CODE § 59-10-103(1)(q) (2012), under what we refer to as the Resident-Student Provision of the Domicile Statute, *see id.* § 59-10-136(1)(a)(ii) (2012). Accordingly, all of his adjusted gross income was subject to Utah's income tax, subject to any applicable additions, subtractions, or adjustments. *See id.* § 59-10-103(1)(w) (2012). Tischmak argues, however, that the Domicile Statute is unconstitutional in numerous ways because it determines his resident status based on the actions of a third party—his then-wife.

¶16 We first discuss the operation of the Domicile Statute and explain why it deems Tischmak to have been a Utah resident in 2013 and 2014 even though he was living in Wyoming. We then address Tischmak's constitutional challenges to the statute.

¶17 Because Tischmak does not persuade us that the statute is unconstitutional, we uphold the decision of the Tax Commission.

I. TISCHMAK WAS A UTAH RESIDENT UNDER THE DOMICILE STATUTE BECAUSE HIS WIFE WAS A RESIDENT STUDENT

¶18 The State of Utah imposes a tax on the "state taxable income" of all "resident individual[s]."[2] UTAH CODE § 59-10-104(1) (2008). For the 2013 and 2014 tax years, the tax code considered a person to be a "resident individual" for income tax purposes if the person was "domiciled" in Utah or had a home in Utah and was present in the state for approximately half of the year or more. *Id.* § 59-10-103(1)(q)(i) (2012). Specifically, a person was a resident individual if the person:

> (A) [was] domiciled in [Utah] for any period of time during the taxable year, but only for the duration of the period during which the individual is domiciled in this state; or . . .
>
> (B) [was] not domiciled in this state; and
>
>> (I) maintain[ed] a place of abode in [Utah]; and
>>
>> (II) spen[t] in the aggregate 183 or more days of the taxable year in this state.

*Id.*

¶19 It is not disputed that Tischmak lived full time in Wyoming during the two tax years at issue. He jointly owned a home in Utah and visited Utah frequently, but it has not been suggested that he spent 183 or more days a year in Utah in 2013 or 2014. So subsection 103(1)(q)(i)(B) is not applicable. Rather, the Tax Commission found that Tischmak was a resident individual because he was domiciled in Utah under subsection 103(1)(q)(i)(A).[3]

---

[2] For resident individuals, "state taxable income" is all of the person's adjusted gross income, after making any applicable additions, subtractions, and adjustments. UTAH CODE § 59-10-103(1)(w)(i) (2012). Some nonresidents may also have state taxable income if they "derived" income from "Utah sources." *Id.* § 59-10-103(1)(w)(ii)(B) (2012).

[3] The tax code does not define the word "domicile," but it generally means "[t]he place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to

(continued . . .)

¶20   The Domicile Statute, Utah Code section 59-10-136 (2012), establishes the criteria for determining who is domiciled in Utah for tax purposes. In its briefing, the Tax Commission describes the Domicile Statute as having three tiers of rules regarding domicile. The first tier, found in subsection 136(1), deems a person to be domiciled in Utah if the person or the person's spouse or dependents receive certain educational benefits provided by the state. *Id.* § 59-10-136(1)(a) (2012). Relevant here is the Resident-Student Provision, which provides that a person is domiciled in Utah if the person or the person's spouse is a "resident student . . . who is enrolled in an institution of higher education . . . in this state." *Id.* § 59-10-136(1)(a)(ii) (2012). The first tier is not rebuttable. *Buck v. Utah State Tax Comm'n*, 2022 UT 11, ¶¶ 37, 44–45, 506 P.3d 584.

¶21   The second tier, found in subsection 136(2) of the Domicile Statute, creates a rebuttable presumption that an individual is domiciled in Utah in certain circumstances. UTAH CODE § 59-10-136(2) (2012). These include if the individual or the individual's spouse claims a residential exemption for the individual's primary residence, is registered to vote in Utah, or asserts residency in Utah. *Id.*

¶22 The third tier, found in subsection 136(3), reflects traditional common law principles for determining domicile. *Id.* § 59-10-136(3) (2012); *Buck,* 2022 UT 11, ¶¶ 34–36.

¶23 The Tax Commission determined that Tischmak was domiciled in Utah under the Resident-Student Provision of tier one, because his wife attended SLCC in 2013 and 2014. Although Tischmak and his wife were estranged and living apart, they had not legally separated[4] or legally divorced. So under the clear

---

return and remain even though currently residing elsewhere," or "[t]he residence of a person or corporation for legal purposes. . . . Also termed . . . *legal residence; domicile by operation of law.*" *Domicile,* BLACK'S LAW DICTIONARY (12th ed. 2024). And Black's Law Dictionary defines "domicile by operation of law" as "[d]omicile established independently of a person's intention or residence." *Id.*

[4] The Commission has previously determined that parties are "legally separated" only when there is a court proceeding and court order such as a decree of separate maintenance, or an order approving a petition for temporary separation. *See* Initial Hearing

(continued . . .)

language of the Resident-Student Provision, Tischmak was domiciled in Utah because his spouse was a "resident student . . . enrolled in an institution of higher education." UTAH CODE § 59-10-136(1)(a)(ii) (2012).[5] Thus, he was a "resident individual" for tax purposes, *id.* § 59-10-103(1)(q)(A) (2012), subject to Utah's tax on his state taxable income, *id.* § 59-10-104(1) (2012).

¶24 We now turn to Tischmak's constitutional challenges to the Domicile Statute.

II. TISCHMAK HAS NOT MET HIS BURDEN TO PERSUADE US THAT THE DOMICILE STATUTE IS UNCONSTITUTIONAL

¶25 Tischmak challenges the Tax Commission's decision on the grounds that the Domicile Statute is unconstitutional. He raises five separate constitutional challenges to the Statute, arguing that it violates the Utah Constitution's Due Process Clause and Uniform Operation of Laws Provision, the U.S. Constitution's Due Process Clause and dormant Commerce Clause, and his federal right to travel. "[T]hose who challenge a statute or ordinance as unconstitutional bear the burden of demonstrating its unconstitutionality." *Greenwood v. City of N. Salt Lake*, 817 P.2d 816, 819 (Utah 1991). "When addressing such a challenge, this court presumes that the statute is valid, and we resolve any reasonable doubts in favor of constitutionality." *State v. Lopes*, 1999 UT 24, ¶ 6, 980 P.2d 191.

¶26 Before examining each of Tischmak's constitutional claims individually, we make two global observations.

¶27 First, each constitutional challenge Tischmak makes is facial, not as-applied. A statute "may be unconstitutional either on its face or as applied to the facts of a given case." *Gillmor v. Summit Cnty.*, 2010 UT 69, ¶ 27, 246 P.3d 102 (cleaned up). In an as-applied challenge, "a party concedes that the challenged statute may be

_____

Order, Appeal No. 19-211, Utah State Tax Commission (April 21, 2020), pgs. 15-16, https://tax.utah.gov/commission/decision/19-0211.pdf (last visited Jul. 11, 2025). No such orders exist in this case.

[5] The Tax Commission also noted that Tischmak would be considered domiciled in Utah under tiers two and three, including because he jointly owned a home in Utah for which he took the primary residence deduction—although this observation was unnecessary to its determination because the Resident-Student Provision is dispositive.

facially constitutional, but argues that under the particular facts of the party's case, the statute was applied in an unconstitutional manner." *Id.* (cleaned up). Facial challenges, however, are more difficult to prove because they require the challenger to "establish that no set of circumstances exists under which the [statute] would be valid." *State v. Herrera*, 1999 UT 64, ¶ 4 n.2, 993 P.2d 854 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). For each constitutional issue he raises, Tischmak asserts that "[t]he Domicile Statute violates" or "abridges" the constitutional provision. And while he references the specific facts of his own case throughout his briefing, he does so in support of his facial constitutional challenge, not to make an argument that the Statute is unconstitutional as applied to him. Since Tischmak makes a facial challenge to the Domicile Statute, for each claim he raises he must prove that no set of circumstances exists under which the Statute would be valid.

¶28 Second, although Tischmak argues that the Domicile Statute as a whole is unconstitutional—rather than targeting individual provisions—all of his constitutional challenges hinge on his complaint that his domicile was determined based on the actions of his spouse rather than his own.[6] So we understand his argument to be that the Statute is unconstitutional to the extent it permits a person's domicile to be determined by the actions or location of a spouse. But Tischmak has not explained why this concern is not defeated by the fact that the Statute allows taxpayers to avoid having a spouse's activity factored into their domicile status by filing their taxes "married filing separately."[7] UTAH CODE

---

[6] While many provisions of the Domicile Statute do not determine domicile based on the actions or location of a spouse, many do. *See, e.g.*, UTAH CODE § 59-10-136(1)(a)(i) (2012) (considering an individual to be domiciled "if . . . a dependent [of] the individual or the individual's spouse . . . is enrolled in a public [school]"); *id.* § 59-10-136(2)(b) (2012) (establishing a rebuttable presumption that an individual is domiciled if "the individual or the individual's spouse is registered to vote in this state"); *id.* § 59-10-136(2)(c) (2012) (establishing a rebuttable presumption that an individual is domiciled if "the individual or the individual's spouse asserts residency in [Utah] for purposes of filing an individual income tax return").

[7] Tischmak does say that he should not have to give up his right to file his taxes jointly in order to exercise his other constitutional

(continued . . .)

§ 59-10-136(5)(b)(ii) (2012). If taxpayers choose to do this, they are considered to have no spouse for tax purposes under Utah law. *Id.* Thus, the Domicile Statute permits taxpayers to choose whether to have their spouse considered in their tax filings. This is likely sufficient, on its own, to dispose of Tischmak's constitutional claims.

¶29   Nevertheless, we briefly address each one.

*A. The Right to Travel*

¶30   Tischmak first contends that the Domicile Statute deprives him of his fundamental right to travel. He argues this is so because "[r]ather than permitting a person to choose the State in which they 'abide,' the Domicile Statute allows a spouse, estranged or otherwise, to override the person's fundamental right." He continues, "if either spouse engages in activities within the State of Utah that create domicile, that domicile is automatically and irrebuttably imputed to the nonresident spouse." Beyond that, Tischmak does not develop this constitutional argument.

¶31   The U.S. Supreme Court has made clear that, even though "[t]he word 'travel' is not found in the text of the Constitution . . . the constitutional right to travel from one State to another is firmly embedded in [the Court's] jurisprudence." *Saenz v. Roe*, 526 U.S. 489, 498 (1999) (cleaned up). The Court has recognized three components of the right to travel:

> (1) the right to go from one place to another, by using highway facilities and other instrumentalities of interstate commerce, which includes the right to cross state borders while en route; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*State v. Chettero*, 2013 UT 9, ¶ 15, 297 P.3d 582 (cleaned up) (citing *Saenz*, 526 U.S. at 500–01).

¶32   A law implicates the right to travel "when it actually deters such travel, when impeding travel is its primary objective, or when it uses any classification which serves to penalize the exercise of

---

rights. But he provides no legal basis for the existence of a right to jointly file taxes.

that right." *Att'y Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903 (1986) (plurality opinion) (cleaned up).

¶33 Tischmak, however, does not explain which component of the right to travel the Domicile Statute infringes. And ultimately, he does not persuade us that the Statute implicates any of the recognized components of the right. It does not prevent anyone from traveling in or out of any state, so it does not implicate the first component. The second component is out, too, because the Statute has nothing to do with the treatment of temporary visitors to Utah or any other state. And we conclude the third component is not implicated either.

¶34 The third component—the right of travelers who elect to become permanent residents of a state to be treated like other citizens of that state—is grounded in the Privileges or Immunities Clause of the Fourteenth Amendment. *Saenz*, 526 U.S. at 502–03. That clause prohibits states from "mak[ing] or enforc[ing] any law which shall abridge the privileges or immunities of citizens of the United States." U.S. CONST. amend. XIV, § 1.

¶35 This third component "embraces the citizen's right to be treated equally in her new State of residence." *Saenz*, 526 U.S. at 505. It has generally been applied to state laws that treat new residents differently than existing residents. *See, e.g.*, *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 215 (3d Cir. 2013) ("The right to travel simply is not implicated when there is no discrimination based on the duration of one's residency."); *Hope v. Comm'r of Ind. Dep't of Corr.*, 9 F.4th 513, 526 (7th Cir. 2021) (en banc) ("Right to travel violations under the third component of the right exist only when a law expressly differentiates between residents based on their length or timing of residency.").

¶36 Tischmak does not provide any analysis as to how the Domicile Statute might implicate the third component of the right to travel. And it does not appear to do so. It does not create any classifications based on the length of a person's residency in Utah or any other state. And if Tischmak is treated differently than other Wyoming residents because he is subject to Utah's income tax, it is not because of the length of his residency there. It is because he chose to file his taxes jointly with his spouse, who benefitted from resident tuition in Utah. The same would be true for any other Wyoming resident in the same circumstance. And importantly, Tischmak could have avoided that consequence if he would have filed his taxes separately from his spouse.

¶37 Accordingly, Tischmak has not persuaded us that the Domicile Statute implicates the right to travel. Therefore, he has not persuaded us that it violates that right. *See Hope,* 9 F.4th at 528 ("Under the Privileges or Immunities Clause, if the right to travel is not implicated, that is the end of the plaintiffs' claim. The challenged law either is reviewed under strict scrutiny or not at all.").

### B. *Substantive Due Process and Uniform Operation of Laws Under the Utah Constitution*

¶38 Tischmak next contends that the Domicile Statute violates the Utah Constitution's Due Process Clause and Uniform Operation of Laws Provision. UTAH CONST. art. I, §§ 7, 24. The Due Process Clause states that "[n]o person shall be deprived of life, liberty or property, without due process of law." *Id.* art. I, § 7. And the Uniform Operation of Laws Provision provides that "[a]ll laws of a general nature shall have uniform operation." *Id.* art. I, § 24.

¶39 When reviewing claims under either provision, if a fundamental right—such as the right to travel—is implicated, we apply strict scrutiny; if not, only rational basis review is required. *In re K.T.B.,* 2020 UT 51, ¶ 32, 472 P.3d 843 (reviewing substantive due process claim); *State v. Robinson,* 2011 UT 30, ¶ 22, 254 P.3d 183 (reviewing uniform operation of law claim). And the rational basis standard is quite generous: "any rational or reasonable basis for legislative classification is sufficient, meaning that any legitimate governmental objective suffices, and any reasonable relationship between classification and purpose is adequate." *DIRECTV v. Utah State Tax Comm'n,* 2015 UT 93, ¶ 51, 364 P.3d 1036 (cleaned up). Rational basis scrutiny is a "most forgiving" standard—"especially so with respect to economic regulations." *Id.* And this court gives "broad deference to legislative enactments in the area of taxes." *ABCO Enters. v. Utah State Tax Comm'n,* 2009 UT 36, ¶ 15, 211 P.3d 382.

¶40 As explained above, Tischmak has not shown that the right to travel is implicated by the Domicile Statute. And Tischmak has not argued that any other fundamental right is at issue here. So strict scrutiny does not apply. Instead, rational basis review is appropriate. And this court "will uphold a statute under the rational basis standard if it has a reasonable relation to a proper legislative purpose, and is neither arbitrary nor discriminatory." *State v. Angilau*, 2011 UT 3, ¶ 10, 245 P.3d 745 (cleaned up).

¶41 Tischmak has not advanced any argument that the Statute fails rational basis review. Thus, we reject his claims under Utah's Due Process Clause and Uniform Operation of Laws Provision.

### C. *Due Process Under the U.S. Constitution*

¶42 Tischmak also argues that the Domicile Statute violates the U.S. Constitution's Due Process Clause. Under the Due Process Clause, the state's power to tax requires a "'nexus' between the taxing State and the taxpayer." *Am. Oil Co. v. Neill*, 380 U.S. 451, 458 (1956). There must be a "definite link or minimum connection . . . between the state and the person, property, or transaction sought to be taxed." *Mandell v. Auditing Div. of Utah State Tax Comm'n,* 2008 UT 34, ¶ 43, 186 P.3d 335. The minimum contacts analysis in this context is similar to that applied in the context of personal jurisdiction. *See N.C. Dep't of Revenue v. The Kimberley Rice Kaestner 1992 Fam. Tr.*, 588 U.S. 262, 269 (2019) ("To determine whether a State has the requisite 'minimum connection' with the object of its tax, this Court borrows from the familiar test of *International Shoe Co. v. Washington*." (cleaned up)).

¶43 Tischmak does not explain how, on its face, the Domicile Statute subjects individuals to Utah's income tax without a sufficient minimum connection. Indeed, even in the factual scenario present in this case, he does not explain why a nonresident taxpayer who files jointly with a resident spouse who received reduced in-state tuition lacks a minimum connection to Utah. By failing to engage with the minimum contacts analysis, Tischmak has failed to meet his burden to persuade us that the Domicile Statute violates the federal Due Process Clause.

### D. *Dormant Commerce Clause*

¶44 Finally, Tischmak argues that the Domicile Statute violates the "tax-specific requirements of the Commerce Clause." The Commerce Clause grants Congress the authority to regulate interstate commerce. U.S. CONST. art. I, § 8, cl. 3. It also implicitly limits the power of state and local governments in that realm, meaning that "even if Congress has not spoken on an issue of interstate commerce, states are prevented from encroaching on Congress's authority." *Steiner v. Utah State Tax Comm'n*, 2019 UT 47, ¶ 13, 449 P.3d 189 (cleaned up). Tischmak appears to be arguing that the Domicile Statute violates this "negative implication" of the commerce clause, otherwise known as the dormant Commerce Clause. *Id.*

¶45 Decades ago, the Supreme Court likened dormant Commerce Clause jurisprudence to a "quagmire." *Nw. States Portland Cement Co. v. Minnesota*, 358 U.S. 450, 458 (1959). And we have observed that it remains a "constitutional field marked more by haphazard policy judgments than any unifying legal theory." *Steiner*, 2019 UT 47, ¶ 20. So, when we are faced with a dormant Commerce Clause issue, "we are reluctant to extend dormant Commerce Clause precedent in new directions not yet endorsed by [the U.S. Supreme Court]." *DIRECTV*, 2015 UT 93, ¶ 45.

¶46 Given our general posture of reluctance in this area of law, thorough and substantial briefing on this claim is critical. Yet Tischmak has not made the necessary showing that the dormant Commerce Clause is even implicated by the Domicile Statute.

¶47 To implicate the dormant Commerce Clause, there must be discrimination on the basis of "*some interstate element.*" *Id.* ¶ 22 (cleaned up). This typically means one of two things: either a State "may not tax a transaction or incident more heavily when it crosses state lines than when it occurs entirely within the State," or a State may not "impose a tax which discriminates against interstate commerce either by providing a direct commercial advantage to local business, or by subjecting interstate commerce to the burden of multiple taxation." *Id.* (cleaned up).

¶48 Tischmak has not identified an "interstate element" impacted by the Domicile Statute. In a footnote in his reply brief, he does cite *Comptroller of the Treasury v. Wynne*, 575 U.S. 542 (2015), for the proposition that taxing the income of those residing in other states raises an interstate commerce element. But the cited portion of *Comptroller* reveals that the Supreme Court was discussing a state's taxation of the income of domestic corporations on sales made outside of the state. *Id.* at 550. The Court's concern that this carried "the risk of a double tax burden to which intrastate commerce is not exposed, and which the commerce clause forbids," *id.*, does not apply here.

¶49 By not providing reasoned analysis or sufficient authority, Tischmak has not carried his burden to persuade us that the Domicile Statute violates the dormant Commerce Clause.

## CONCLUSION

¶50 Tischmak has not persuaded us that the Domicile Statute violates his right to travel or any of the other constitutional

provisions he identifies. Accordingly, we uphold the Tax Commission's decision.

———————