2011 UT App 419

**DAVIS & SANCHEZ, PLLC, Plaintiff and Appellant,**

v.

**UNIVERSITY OF UTAH HEALTH CARE, Defendant and Appellee.**

**No. 20110131–CA.**

Court of Appeals of Utah.

Dec. 8, 2011.

Halston T. Davis, Salt Lake City, for Appellant.

Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Plaintiff, the law firm of Davis & Sanchez, sued defendant University of Utah Health Care (the hospital) for attorney fees because the hospital benefitted from the law firm's representation of Alvaro Diaz in a workers' compensation proceeding. The district court dismissed the law firm's suit for lack of jurisdiction, and the law firm appeals. We affirm.

¶ 2 Mr. Diaz filed a claim against his employer and the Workers' Compensation Fund (WCF) for disability compensation and medical benefits. The law firm represented Mr. Diaz before the Utah Labor Commission and also sought, but did not receive, the hospital's consent to represent the hospital's interest in the proceeding. As part of the workers' compensation proceeding, the parties participated in mediation under the auspices of the Labor Commission. As a result of the law firm's efforts, in August 2008 the parties reached a settlement that provided, in part, that WCF would pay Mr. Diaz a lump sum, part of which was earmarked for the law firm as attorney fees. In addition, WCF agreed to hold Mr. Diaz harmless for various outstanding medical bills.

¶ 3 In the settlement agreement, WCF and the employer also acknowledged that the law firm had obtained a significant financial benefit for the health care providers who had treated Mr. Diaz because WCF agreed to reimburse the providers, including the hospital, for some of the medical expenses Mr. Diaz had incurred. Specifically, by the time the law firm filed its complaint commencing this action, WCF had paid the hospital approximately $347,000 of the total amount Mr. Diaz owed the hospital.

¶ 4 The law firm's complaint alleged that the hospital owed the law firm attorney fees and costs associated with the law firm's work in securing the settlement that so directly benefitted the hospital. The law firm and the hospital filed cross-motions for summary judgment.[1] The district court granted the hospital's motion on the ground that section 34A–1–309(1) of the Utah Code divested the court of jurisdiction to consider the law firm's claim. See Utah Code Ann. § 34A–1–309(1) (Supp.2011).

---

1. The parties actually filed cross-motions for judgment on the pleadings, which the district court treated as motions for summary judgment because the motions raised issues outside of the pleadings. See Utah R. Civ. P. 12(c).

¶ 5 The law firm argues that the statute does not apply to its attorney fees claim against the hospital because the statute does not address attorney fees incurred by any party other than the injured worker. The hospital contends that section 34A–1–309(1) does apply and that, as a result, the law firm was required to assert its claim before the Labor Commission. Because the law firm did not do so, the hospital contends, the law firm failed to exhaust its administrative remedies, and the district court properly dismissed the suit.[2]

¶ 6 Section 34A–1–309 provides, in pertinent part, as follows:

(1) In a case before the commission in which an attorney is employed, the commission has full power to regulate and fix the fees of the attorney.

(2) In accordance with Title 63G, Chapter 4, Administrative Procedures Act, an attorney may file an application for hearing with the Division of Adjudication to obtain an award of attorney fees as authorized by this section and commission rules.

*Id.* § 34A–1–309(1)–(2) (Supp.2011).[3] We interpret statutes according to their plain meaning and "need not look beyond the plain language unless we find some ambiguity." *State v. MacGuire*, 2004 UT 4, ¶ 15, 84 P.3d 1171. Here, the law firm's claim that the hospital owed it attorney fees arose as a result of Mr. Diaz's workers' compensation case before the Labor Commission. As Mr. Diaz's representative in that case, the law firm was clearly employed "in a case before the commission." Utah Code Ann. § 34A–1–309(1). Thus, the plain language in subsection (1)—stating that "the commission has full power to regulate and fix the fees of the attorney" who is employed "in a case before

the commission"—defeats the law firm's contention that the statute does not address attorney fees if they are to be paid by any party other than the injured worker.

¶ 7 As part of the settlement, the law firm received attorney fees. Although the hospital declined the law firm's offer of representation, the law firm's claim that the hospital should nonetheless be required to contribute toward the fees for the law firm's services falls within the purview of subsection (1) of the statute. As a result, under subsection (2) the law firm should have filed an application with the Labor Commission for an award of attorney fees payable by the hospital.

¶ 8 "A party may seek judicial review [of a final agency action] only after exhausting all administrative remedies available[.]" Utah Code Ann. § 63G–4–401(2) (2008). "The basic purpose underlying the doctrine of exhaustion of administrative remedies is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Western Water, LLC v. Olds*, 2008 UT 18, ¶ 18, 184 P.3d 578 (citation and internal quotation marks omitted). Therefore, "[a]s a general rule, parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review." *Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 14, 34 P.3d 180 (citation and internal quotation marks omitted).

¶ 9 The administrative law judge who approved the settlement was familiar with Mr. Diaz's case, the fees the law firm was entitled to recover under the settlement agreement, and the fact that the law firm's representation of Mr. Diaz benefitted the hospital. The

2. The parties raised a number of other arguments. Because these arguments are not relevant given our disposition, we do not discuss them.

3. On appeal, the hospital states that the applicable statute is the version in effect at the time of the administrative proceeding. *See* Utah Code Ann. § 34A–1–309(1) (2005). Because the language that provides the basis for our decision is essentially identical in both statutes, we need not resolve the issue of which statute applies. *Compare id.* ("In all cases coming before the com-

mission in which attorneys have been employed, the commission is vested with full power to regulate and fix the fees of the attorneys.") *with id.* (Supp. 2011) ("In a case before the commission in which an attorney is employed, the commission has full power to regulate and fix the fees of the attorney."). Moreover, neither party objected to the district court's use of the current version of the statute in its decision. Accordingly, we analyze and cite to the current version of the statute.

law firm's failure to first raise its attorney fee claim against the hospital before the Labor Commission prevented the Commission from "perform[ing] functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Id.* (citation and internal quotation marks omitted).

¶ 10 Because the law firm did not exhaust its administrative remedies before the Labor Commission, it was not entitled to seek judicial review. Accordingly, the district court properly dismissed the case. Affirmed.

¶ 11 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and WILLIAM A. THORNE JR., Judge.