*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2015 UT 47**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

DAVIS & SANCHEZ, PLLC,
*Appellant,*

*v.*

UNIVERSITY OF UTAH HEALTH CARE, STATE OF UTAH,
and JOHN and JANE DOES 1-10,
*Appellees,*

No. 20130747
Filed April 21, 2015

Third District, Salt Lake
The Honorable Robert Foust
No. 120903465

Attorneys:
Robert B. Sykes, Alyson Carter, Rachel L. Sykes, John D. Lauritzen, Salt Lake City, for appellant

Sean D. Reyes, Att'y Gen., Brent A. Burnett, Asst. Att'y Gen., Salt Lake City, for appellees

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE PARRISH, and JUDGE CHRISTIANSEN joined.

Having recused himself, JUSTICE DENO G. HIMONAS did not participate herein; COURT OF APPEALS JUDGE MICHELE M. CHRISTIANSEN sat.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1   Davis & Sanchez, PLLC is a law firm that represented Alvaro Diaz in a workers' compensation claim against his employer, Beehive Telephone. The firm filed Diaz's claim in the Utah Labor Commission in 2008. As a result of the firm's efforts, the parties were able to settle this claim. Under a settlement agreement en-

tered into by Diaz, Beehive, and the Workers Compensation Fund of Utah (WCF), Diaz received a lump-sum disability payment, part of which was earmarked for the firm as attorney fees. And Beehive and WCF also agreed to pay Diaz's medical bills, which included bills from University of Utah Health Care.

¶2 In a series of subsequent filings, Davis & Sanchez has sought to secure additional attorney fees from University of Utah Health Care. In 2010, the firm filed an action in third district court asserting a claim against University of Utah Health Care. In that action, the firm alleged that University of Utah Health Care had received substantial payments as a result of the firm's efforts in pursuing Diaz's workers compensation claim, and asserted a right to recover a percentage of those payments under a "common fund" theory. *See Barker v. Utah Pub. Serv. Comm'n*, 970 P.2d 702, 707–13 (Utah 1998) (explaining the basis for a "common fund" fee award). The district court dismissed that action on jurisdictional grounds, concluding that the question of the availability of attorney fees in a workers compensation case was a matter for the Labor Commission.

¶3 The Utah Court of Appeals affirmed. *See Davis & Sanchez, PLLC v. Univ. of Utah Health Care*, 2011 UT App 419, 268 P.3d 851. It concluded that the Labor Commission had jurisdiction to determine the propriety of any attorney fee award arising out of a workers compensation claim, citing Utah Code section 34A-1-309(1). *Id.* ¶ 6. And it concluded, specifically, that "the law firm's claim that the hospital should . . . be required to contribute toward the fees for the law firm's services falls within the purview of" this provision. *Id.* ¶ 7. Thus, the court of appeals held that "the law firm should have filed an application with the Labor Commission for an award of attorney fees payable by the hospital," and it affirmed the dismissal of the Davis & Sanchez claim on the basis of "[t]he law firm's failure to first raise its attorney fee claim against the hospital before the Labor Commission." *Id*. ¶¶ 7, 9.

¶4 The firm did not seek review of that decision on *certiorari* in this court. But neither did it abandon its efforts. It went back to the Labor Commission, this time asserting a claim on its own behalf against University of Utah Health Care, again arguing for a right to recover fees on a "common fund" theory. The administrative law judge dismissed that claim, concluding that the firm had received all of the fees due under Utah Code section 34A-1-309(1).

¶5   Again the firm declined to seek further direct review. But it remained undeterred. It filed yet another action—a further attempt at a "common fund" claim in the third district court. And again the third district court dismissed the claim. In line with the earlier decision that had been affirmed by the court of appeals, the district court dismissed the law firm's claim on the ground that the question of the availability of attorney fees on a workers compensation claim was a matter for the Utah Labor Commission under Utah Code section 34A-1-309(1). And because that question had previously been resolved by the district court in a decision affirmed by the Utah Court of Appeals, the district court also deemed the matter barred under principles of *res judicata*.

¶6   This appeal followed. We review the district court's decision dismissing Davis & Sanchez's claims de novo, affording no deference to the district court's analysis. *See Glaittli v. State*, 2014 UT 30, ¶ 8, 332 P.3d 953. And we affirm.

¶7   As is evident from the procedural history recounted above, the "common fund" claim dismissed and presented for our review on this appeal was hardly Davis & Sanchez's first attempt at such a claim. The firm first asserted a common fund claim against University of Utah Health Care in the third district court action it filed in 2010. That claim was dismissed by the district court on jurisdictional grounds—as barred by Utah Code section 34A-1-309(1). And the court of appeals affirmed on the same ground, holding that section 309(1) provided the sole avenue (in an administrative proceeding in the Labor Commission) for an award of attorney fees in connection with a workers compensation proceeding, and concluding that "the law firm should have filed an application with the Labor Commission for an award of attorney fees payable by the hospital." *Davis & Sanchez*, 2011 UT App 419, ¶ 7.

¶8   These were final decisions. And the proceedings that led to them afforded Davis & Sanchez a full and fair opportunity to litigate the question whether the firm's exclusive avenue for seeking fees from University of Utah Health Care was an administrative proceeding under section 309(1). The 2011 decision of the third district court (as affirmed by the court of appeals) is accordingly preclusive, and bars the firm from relitigating the same issues in this proceeding. *See Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 35, 73 P.3d 325 (stating the doctrine of issue preclusion bars relitigation of same issues by the same parties or their privies in a second

suit where the issue was fully and fairly litigated and the first action resulted in a final decision).

¶9    The elements of the doctrine of issue preclusion are amply satisfied in this case. First, there is no question of identity of parties. Davis & Sanchez was the plaintiff in both suits, and University of Utah Health Care was the defendant.

¶10  Second, the identical issue was presented in both suits. In this case as in the earlier proceeding, Davis & Sanchez asserted a claim for attorney fees under a "common fund" theory, and the threshold question presented concerns the jurisdictional effect of Utah Code section 34A-1-309(1)—whether that provision required Davis & Sanchez to assert its "common fund" claim in its earlier Labor Commission filing or whether such claim could be advanced separately in the district court. That question, in fact, is at the heart of the briefing in both proceedings.

¶11  The briefs filed in the 2011 court of appeals proceeding are strikingly similar to the briefs presented in this case. In both cases Davis & Sanchez asserted that the governing statute does not grant jurisdiction to the Labor Commission to regulate the fees owed by third-party beneficiaries to workers compensation settlements. Instead, Davis & Sanchez argued in both cases that section 309(1) governs only those fees as between an attorney and the injured worker.

¶12  Third, Davis & Sanchez had a full and fair opportunity to litigate the matter in the proceedings that led to the 2011 decisions by the third district and by the court of appeals. Those decisions resolved the legal question of the jurisdictional effect of section 309(1). And Davis & Sanchez had every opportunity to assert the basis and grounds for its position on that issue—in briefing and argument to the district court and again on appeal.

¶13  Fourth, the 2011 decision by the district court was unquestionably final. Such finality, moreover, was further cemented by the court of appeals' affirmance of the district court's decision. *See Sevy v. Sec. Title Co. of S. Utah*, 902 P.2d 629, 633 (Utah 1995) (holding a court of appeals decision final for purposes of issue preclusion where it was "not further appealed or remanded, nor was it determined on the basis of an unrelated procedural issue"). The court of appeals conclusively held that an administrative proceeding under section 309(1) was the exclusive avenue for Davis &

Sanchez to pursue its claim for attorney fees against University of Utah Health Care, affirming the dismissal of the "common fund" claim on the ground that the firm had failed to seek such recovery in its initial proceeding in the Labor Commission. *Davis & Sanchez*, 2011 UT App 419, ¶¶ 9–10.

¶14 That final decision was preclusive. The firm's sole avenue for challenging it was a petition for writ of certiorari in this court. By failing to file such a petition, the firm forfeited its right to challenge the final decisions rendered in 2011—the decision of the district court, and the affirmance by the court of appeals. The claim dismissed in this action—and presented for our review on this appeal—is an attempt at a second bite at the apple. That attempt is squarely foreclosed by the doctrine of issue preclusion.

¶15 The preclusive effect of the 2011 litigation cannot be avoided, as Davis & Sanchez suggests, by the fact that the decisions in that case were not "on the merits." That formulation is sometimes articulated as a separate element of the doctrine of issue preclusion. *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 29, 194 P.3d 956 (stating that, for issue preclusion, "the first suit must have resulted in a final judgment on the merits"); *Snyder*, 2003 UT 13, ¶ 35 (same). But the notion that only "merits" decisions are issue-preclusive is misleading. A more precise formulation focuses simply on the identity of the issues presented in both cases. If the *same issue* presented in subsequent litigation was finally resolved in an earlier case involving the same parties (and otherwise meeting the elements of issue preclusion), then further litigation of *that issue* is barred—even if the issue is a threshold matter of jurisdiction, and does not go to the "merits" of the underlying dispute. *Bailey v. Deseret Fed. Savs. and Loan*, 701 P.2d 803, 805 (Utah 1985) ("[A] determination of lack of jurisdiction is res judicata on the issue of jurisdiction . . . ."); *McCarthy v. State*, 265 P.2d 387, 389 (Utah 1953) ("[A] judgment of dismissal for want of jurisdiction is conclusive *as to the matters upon which the ruling was necessarily based*."); 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4435 (2d ed. 2002) ("[S]uch dismissals [for lack of jurisdiction] generally do preclude relitigation of the underlying issue of jurisdiction . . . .").

¶16 We resolve this case on that basis. We affirm the dismissal of the viability of the Davis & Sanchez "common fund" claim on the ground that such claim was deemed foreclosed by Utah Code

section 34A-1-309(1) in final judicial decisions rendered in prior litigation. In so concluding, we need not and do not reach the question whether we agree with the 2011 decisions as to the proper interpretation of section 309(1) and its effect on claims like that at issue here. Instead we simply conclude that Davis & Sanchez has already had its day in court on that question, and that further litigation of the matter is barred by the doctrine of issue preclusion.

––––––––––––––––